UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jane Doe, | Case No. _____ |
| Plaintiff, | |
| v. | |
| Dale A. Peterson, Connie M. Peterson, and Dale's On Lake Of The Woods, LLC, | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED USING PSEUDONYM AND FOR PROTECTIVE ORDER** |
| Defendants. | |

---

## INTRODUCTION

Plaintiff Jane Doe ("Plaintiff") has commenced this action seeking damages arising from sexual abuse perpetrated against her by Defendant Dale A. Peterson ("Peterson"). Plaintiff respectfully requests that this Court enter a protective order which permits Plaintiff to use the "Jane Doe" pseudonym in all public filings made in this matter, and which requires that all Defendants do the same.

Plaintiff's prosecution of her claims will necessarily require that she disclose graphic details regarding the sexual abuse she suffered. These details are gruesome and humiliating, and she should not be made to permanently associate her name with this event and with her victimhood. The need to protect Plaintiff from the humiliation and distress which would inevitably result from public release of her identity greatly outweighs any public interest in that information. In deference to the public's right to access information regarding court proceedings in this forum, Plaintiff's request is narrowly tailored to ensure

1

that each Defendant has full and fair access to Plaintiff's identity and all relevant discovery, while protecting Plaintiff's true name from becoming known to the public.

## FACTUAL BACKGROUND

The facts in this matter are alleged in great detail in the Complaint [Doc. 1] and are summarized once more here: Plaintiff began working for the Defendants in 2019 at their property on Lake of the Woods in northern Minnesota. *Id.* at ¶ 14. Over the course of her employment, and even following her resignation, Peterson began aggressively harassing Plaintiff. *Id.* at ¶¶ 18-28. This included entering the shower area while he knew Plaintiff was showering (*id.* at ¶ 25), forcing Plaintiff to get into his vehicle under threat of violence to her (*id.* at ¶ 27), and incessantly demanding that Plaintiff submit to forced physical embraces and forcing himself on Plaintiff through unwanted touching. *Id.* at ¶¶ 19-20, 24.

This culminated in a horrifying altercation in February of 2020, during which Peterson snuck up behind Plaintiff as she was entering her camper on the Defendants' property, pushed her inside, and trapped her there. *Id.* at ¶ 31. Peterson forced himself on Plaintiff, penetrated her with his fingers, and attempted to go further before Plaintiff was able to fight him off and lock him out of the camper. *Id.* at ¶¶ 32-38. Peterson then stalked the outside of Plaintiff's camper, threatening her, and effectively trapping her for hours until she was able to make a harrowing escape around dawn. *Id.* at ¶¶ 39-41. Plaintiff immediately sought refuge with a friend, then proceeded to a victims' advocacy organization. *Id.* at ¶ 42. She immediately arranged for a petition for a harassment restraining order, and then sought medical attention. *Id.* at ¶ 43.

## **STANDARD**

"The decision whether or not to allow the use of pseudonyms based on a need for anonymity in a particular lawsuit is left to the discretion of the trial court." *Heather K. v. City of Mallard, Iowa*, 887 F. Supp. 1249 (N.D. Iowa 1995). As the Eighth Circuit has not adopted a bright-line test for when a plaintiff's anonymity may be protected, district courts have adopted a "totality-of-the-circumstances balancing test." *Doe 6 v. St. Louis Charter School*, 2019 WL 5863981, *1 (E.D. Mo., Nov. 8, 2019); *see also Roe v. St. Louis University*, 2009 WL 910738 (E.D. Mo., Apr. 2, 2009) (reviewing cases). In cases involving matters of "utmost intimacy" or where the allegations are "intensely personal," like those involving allegations of sexual assault, courts have suggested consideration of the following non-exhaustive list of factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Doe v. City of Apple Valley*, 2020 WL 1061442, *1 (D. Minn., Mar. 5, 2020) (*quoting Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)); *see also Doe v. Hartz*, 52 F.Supp. 1027, 1046–47 (N.D. Iowa) (citing cases). The "ultimate test" is whether the plaintiff has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *Id.*; *Roe v. St. Louis Univ.*, at *3 (*quoting Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

## ARGUMENT

**I.   PLAINTIFF SHOULD BE GRANTED LEAVE TO PROCEED USING A PSEUDONYM.**

   **A.   This Case Plainly Involves Allegations Of The Utmost Intimacy Which Warrants The Use Of A Pseudonym (Factor 1).**

Plaintiff should be permitted to proceed pseudonymously because this is precisely the type of case where that protection is appropriate. In *Roe v. St. Louis University*, 2009 WL 910738 (E.D. Mo., Apr. 2, 2009), the Court distinguished between cases in which a plaintiff alleges rape, and those that do not, and granted the plaintiff the right to use a pseudonym:

> In the instant case the allegations of the Complaint include the fact that [the plaintiff] is a rape victim, and that her status as such would become public[ly] known if she were required to file suit in her true name. It is understandable that plaintiff does not wish to be publicly identified as a rape victim, which is a personal matter of the utmost intimacy. Upon consideration, the Court concludes the interest in preserving [the p]laintiffs' privacy through the use of pseudonyms outweighs the public interest in ascertaining their true identities[.]

*Id.* at *5 (quotations and citations omitted). The Court examined cases in which a motion to use a pseudonym was denied and concluded that the ***degree*** of the sexual harm alleged

was the defining factor as to whether the case involved claims of the "utmost intimacy." *Id.* at *4 (finding that allegations in another case which amounted to an unwanted "kiss on the neck and rub on the back" were "substantially less private than the allegation" of rape).

Here, Plaintiff has alleged a brutal late-night attack and rape, followed by the effective imprisonment in her own residence under threat of violence. Compl., ¶¶ 29–39. These allegations certainly rise to the level of "intensely personal" issues of "utmost intimacy" and therefore warrant the use of a pseudonym.

      **B.**      **Unless Her Identity Is Protected, Plaintiff Will Be At Risk Of Significant Harm, Retaliation, And Societal Stigma (Factors 2–4).**

The next group of *Sealed Plaintiff* factors collectively relate to the possibility that a plaintiff will be subjected to possible mental or physical harm or retaliation unless her identity is protected and whether the plaintiff is more vulnerable to that possible harm. *Doe v. City of Apple Valley*, 2020 WL 1061442 at *1. These factors clearly weigh in favor of the need to proceed using a pseudonym. The allegations in this case arise from a brutal attack and rape in Lake of the Woods County, a place that Plaintiff has frequented for most of her life. Compl., ¶ 16. Lake of the Woods County is a small community, and the population of the entire *county* is less than 4,000.[1] Should Plaintiff choose to return to Lake of the Woods County in the future, whether for work or recreation, there is a substantial possibility that many of the year-round residents, or those in the recreation and tourism industry there, will have heard of Plaintiff's claims against Peterson since he works in that industry. Even assuming this does not result in outright harassment or violence from

---

[1] https://www.census.gov/quickfacts/lakeofthewoodscountyminnesota.

5

possible allies of Peterson in the region, this places Plaintiff at risk of societal ramifications—including refusal to serve her as a customer or employ her as a seasonal worker—that she should not have to endure.

### C. Proceeding Under A Pseudonym Will Not Prejudice Any Defendant, Will Preserve Plaintiff's Efforts To Keep Her Identity Concealed, And Will Not Adversely Impact The Public's Conditional Right To Access Court Records (Factors 6–8).

The final grouping of *Sealed Plaintiff* factors relate to the balancing of the parties' and the public's rights—including whether the plaintiff or defendant will be prejudiced if the motion is granted, whether the plaintiff has taken care to protect her identity to date, and whether the public has a pressing need to know the true identity of the plaintiff. *Doe v. City of Apple Valley*, 2020 WL 1061442 at *1. These factors weigh in favor of Plaintiff for at least three reasons.

First, none of the Defendants will be prejudiced by an order granting Plaintiff leave to proceed under a pseudonym. Peterson already faced Plaintiff's allegations in a confidential harassment restraining order matter in state court and was not prejudiced as part of that process. Compl., ¶ 43. Moreover, Plaintiff has fashioned her request so that the resulting order will permit each Defendant with the opportunity to request a hearing and be heard on the continued need for the protective order, within a reasonable time. *See* Proposed Order [Doc. \_\_\_\_]; *see also Doe v. Grinnell College et al.*, (S.D. Iowa, Mar. 14, 2017), Case 4:17-cv-00079-RGE-SBJ [Doc. 7] (entering temporary *ex parte* order to proceed using pseudonym until defendants have had opportunity to respond). Plaintiff has

6

not requested that this Court issue an order at this time that would have any impact on the Defendants' right to conduct discovery or which might have any other impact on the case.

Second, Plaintiff has not revealed her identity to anybody aside from a close friend, law enforcement, her medical providers, her immediate family, and a victims' advocacy group, all of whom she contacted in the immediate aftermath of the attack. Her name has not appeared in the press, and she has not made her allegations, or her status as a rape victim, known to the public. *Contra Doe v. Drake University*, 2017 WL 11404865 (S.D. Iowa, June 13, 2017) (pseudonym motion denied because plaintiff's identity was already public record prior to lawsuit).

Third, the public's interest in Plaintiff's true name is at its nadir in this type of case. In recent years, women have had the courage to come forward more and more, both in court and in the public sphere, with respect to sexual assault allegations. There is an expectation from the public that those seeking redress for that type of harm through the courts will be afforded anonymity when they do so:

> Here, the public is rightly interested in issues of sexual violence on campus, the responses of schools to that violence, both generally and even in specific cases, and the use of litigation to address the alleged failures of that response. However, in general none of these ends are furthered by knowing *which* college student brought a particular lawsuit as opposed to knowing simply that *some* college student did so.

*Doe v. University of St. Thomas*, 2016 WL 9307609, *3 (D. Minn., May 25, 2016) (emphasis added). Since the public's interest in this sexual abuse case is the substance of the allegations, and not so much who is making them, this factor weighs in favor of Plaintiff.

7

**D.      The Remaining Factors Do Not Impact Plaintiff's Motion.**

The remaining *Sealed Plaintiff* factors are either unhelpful to the Court's analysis, or are not at issue here. Plaintiff does not challenge the government, but rather private parties (Factor 5). The public does not have any particularly greater or lesser interest in this case than in any other sexual abuse or rape case—though, as noted above, the public certainly has no greater interest in the true identities of plaintiffs alleging these types of claims (Factor 9). Nor are there any other mechanisms that the Court may use to protect Plaintiff's need to proceed pseudonymously (Factor 10).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that her motion for leave to proceed with a pseudonym and for a protective order be granted in all respects.

PEMBERTON LAW, P.L.L.P.

Date:  November 23, 2022           By  /s/Ryan D. Fullerton
                                   Kendra E. Olson, MN No. 0397617
                                   Ryan D. Fullerton, MN No. 0398363
                                   110 North Mill Street
                                   Fergus Falls, MN 56537
                                   Telephone: 218-736-5493
                                   E-mail: r.fullerton@pemlaw.com
                                   **ATTORNEYS FOR PLAINTIFF**

RDF:cg:sb
2022-4331