UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jane Doe,                                                                                          Case No. 22-cv-2970 (PJS/LIB)

            Plaintiff,

      v.                                                                                                     **ORDER**

Dale Peterson, et al.,

            Defendants.

      This matter comes before the undersigned United States Magistrate Judge, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, upon Plaintiff Jane Doe's (hereinafter "Plaintiff") Motion to Proceed Under Pseudonym. [Docket No. 10]. The Court took Plaintiff's Motion under advisement upon the written submissions. (Order [Docket No. 13]).

      For the reasons discussed herein, Plaintiff's Motion to Proceed Under a Pseudonym, [Docket No. 10], is **GRANTED**, as set forth herein.

**I.    Background**

      Plaintiff initiated the present action by filing her Complaint. [Docket No. 1]. Plaintiff filed two versions of her Complaint, a Sealed Complaint which includes her true name and a public Complaint in which she uses the pseudonym, Jane Doe. (Sealed Compl. [Docket No. 1]; Compl. [Docket No. 5]). Plaintiff's Complaint names as defendants Dale A. Peterson, Connie M. Peterson, and Dale's On Lake Of The Woods, LLC. (Compl. [Docket No. 5]).

      The allegations in Plaintiff's Complaint arise out of the time during which she was employed by the Defendants and immediately following her resignation from that employment. (Compl. [Docket No. 5] ¶¶ 18–25). According to the allegations in her Complaint, from

December 2019 through February 2020, Defendant Dale Peterson forced Plaintiff to take certain actions under threat of violence, and he subjected her to aggressive sexual harassment, including unwanted embraces and other unwanted physical contact. (Id. ¶¶ 18–27). Plaintiff further alleges that on February 9, 2020, Defendant Dale Peterson violently forced his way into Plaintiff's camper, sexually assaulted her, and trapped her inside the camper. (Id. ¶¶ 29–39). After this alleged sexual assault, Plaintiff applied for and received a restraining order against Defendant Dale Peterson from the Minnesota State Court.

After she filed the present Complaint, Plaintiff filed the present Motion to Proceed Under Pseudonym. [Docket No. 10].[1] Although Defendants' counsel of record has entered a notice of appearance and Defendants have filed their Answer, [Docket No. 15], to Plaintiff's Complaint, Defendants did not respond to the present Motion.

## II.     Plaintiff's Motion to Proceed Under Pseudonym. [Docket No. 10].

Plaintiff's Motion seeks an Order of this Court permitting her leave to procced in this matter using the pseudonym "Jane Doe," requiring that her true name be kept confidential by all Defendants, and requiring all parties to use the pseudonym "Jane Doe" in place of Plaintiff's true name in all public filings. (Plf.'s Mot. [Docket No. 10]).[2] Defendant has not filed any opposition to the present Motion. Despite the lack of opposition noted above, the Court must still determine whether or not Plaintiff's Motion may be granted as the relief sought therein affects the public's right to access judicial records.

---

[1] Initially, Plaintiff improperly filed an Ex Parte Motion to Proceed Under Pseudonym. [Docket No. 2]. After being notified that her Motion was not compliant with the Local Rules governing motion practice in this District, Plaintiff filed her present Motion to Proceed Under Pseudonym. Because Plaintiff's present Motion to Proceed Under Pseudonym entirely subsumes her Ex Parte Motion to Proceed Under Pseudonym, Plaintiff's Ex Parte Motion to Proceed Under Pseudonym, [Docket No. 2], will be termed.

[2] Plaintiff's Motion is actually entitled a "Motion to Proceed Under Pseudonym and for Protective Order." [Docket No. 10]. Plaintiff presumably included the "Protective Order" language in her Motion title because she asks this Court to require other parties to refer to her as "Jane Doe." This "Protective Order" nomenclature is, however, not necessary. If the Court permits Plaintiff to proceed in this action under pseudonym, all parties will be required to abide by the Court's Order without the need for the entry of a separate protective order.

2

**A.  Standard of Review**

Federal Rule of Civil Procedure 10(a) requires pleadings to contain the names of all parties. This requirement creates a presumption in favor of publicly identifying litigants under their true names rather than proceeding pseudonymously. See Fed. R. Civ. P. 10(a); Luckett v. Beaudet, 21 F. Supp. 2d 1029, 1029, (D. Minn. 1998). There are, however, exceptions to Rule 10(a), as well as, countervailing considerations which can overcome the presumption in favor of publicly identifying litigants. See In re Ashley Madison Customer Data Security Breach Litig., MDL No. 2669, 2016 WL 1366616, at *3 (E.D. Mo. Ap. 6, 2016); Doe v. University of St. Thomas, 2016 WL 9307609, at *1–4 (D. Minn. May 25, 2016). The Federal Rules of Civil Procedure, for example, contemplate limited, discrete circumstance in which certain information, including party names, may be redacted from filings with the Court. See Fed. R. Civ. P. 5.2.

It has long been acknowledged that there is a recognized common law right of public access to judicial records, which includes the public's "right to access documents that are submitted to the Court and that form the basis for judicial decisions." Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc., 960 F. Supp. 2d 1011, 1013 (D. Minn. 2013) (citing IDT Corp. v. eBay, 709 F.3d 1220, 1222 (8th Cir. 2013)); Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The Eighth Circuit has held that the common law right of access applies to judicial records in civil proceedings. IDT Corp., 709 F.3d at 1222. "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings and 'to keep a watchful eye on the workings of public agencies.'" Id. (internal citation omitted) (quoting Nixon, 435 U.S. at 598). The public's right of access "also provides a measure of accountability to the public at large, which pays for the courts." Id.

The Eighth Circuit has explained however that the public's right of access "is not absolute, but requires a weighing of competing interests." Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). Specifically, the district court "must consider the degree to which" limiting the public's access to "a judicial record would interfere with the interest served by the common-law right of access and balance that interference against the salutary interest served by maintaining confidentiality of the information sought to be sealed." IDT Corp., 709 F.3d at 1223. The weight that the court gives to the presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." Id. at 1224 (internal quotation marks omitted).

### B. Analysis

In the present case, Plaintiff argues that the balance of the relevant interest weighs in her favor because the need to protect her "from the humiliation and distress which would inevitably result from public release of her identity greatly outweighs any public interest in that information." (Plf.'s Mem. [Docket No. 3] at 1). In support of this contention, Plaintiff asserts that the allegations underlying the present case are of an intimate nature and took place in a small community so requiring her to prosecute this action under her true name would subject her to retaliation, societal stigma, and possible physical harm. (Id. at 5–6).

Plaintiff's present request to proceed pseudonymously implicates the common-law right of access because if she is permitted to proceed using a pseudonym the public will not be able to ascertain the party raising the claims in this action. Moreover, the public's right to access is further implicated because allegations of sexual assault, including allegations of sexual assault in

4

the context of an employer/employee relationship, have been and continued to be a matter of public policy concern and discussion.

However, the "resultant value" of Plaintiff's true identity "to those monitoring the federal courts" relative to the broader issues raised by this case is minimal in light of the fact that Plaintiff's publicly filed Complaint sets forth the alleged relevant facts underlying the present case. Each of the factual allegations underlying the present claims, as well as, the legal issues raised in the present case are contained in the publicly available Complaint, [Docket No. 5], and will remain publicly available regardless of the resolution of the present Motion. This weighs in favor of granting Plaintiff's Motion for anonymity. Several other reasons support granting Plaintiff the relief requested as well.

Importantly, the Court's review of the record indicates that Plaintiff's true identity as the alleged victim in the present case and the allegations underlying the present action have never been publicly revealed. Instead, the record now before the Court indicates that Plaintiff has not revealed her identity as it relates to the allegations underlying the present action outside of her close friends and family, law enforcement involved in the allegations underlying the present action, medical professionals, and other state court personnel for the purposes of obtaining a restraining order against Defendant Dale Peterson.

Additionally, the record now before the Court demonstrates that no defendant will suffer undue prejudice by allowing Plaintiff to proceed pseudonymously. As already noted above, Defendants have not filed any opposition to the present Motion. Moreover, any prejudice is unlikely as Defendants are fully aware of Plaintiff's actual identity.

Weighing the relevant factors, the circumstances of the present case merit permitting Plaintiff to proceed under a pseudonym. Thus, Plaintiff's Motion to Proceed Under Pseudonym,

[Docket No. 10], is **GRANTED**. All future pleadings served and/or filed in the present case shall refer to Plaintiff as "Jane Doe."

### III.    Conclusion

For the foregoing reasons, and based on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Ex Parte Motion to Proceed Under Pseudonym, [Docket No. 2], is **TERMED**;

2. Plaintiff's Motion to Proceed Under Pseudonym, [Docket No. 10], is **GRANTED**, as set forth herein;

3. All future pleadings served and filings in the present case shall refer to Plaintiff as "Jane Doe";

4. Plaintiff's true name shall be kept confidential by all parties; and

5. Plaintiff's Sealed Complaint, [Docket No. 1], which contains her true name may remain under continued seal until further Court Order.

Dated: February 17, 2023                                                                  s/Leo I. Brisbois  
                                                                                    Hon. Leo I. Brisbois  
                                                                                    U.S. MAGISTRATE JUDGE